UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61575-RAR
(22-CR-60097-RAR)

**JERMAINE JOHNSON**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE

**THIS CAUSE** comes before the Court on Movant Jermaine Johnson's *pro se* Motion to Vacate under 28 U.S.C. § 2255 ("Mot."), [ECF No. 1], and "Memorandum of Law" ("Memo."), [ECF No. 3]. The Government filed a Response to the Motion. *See* Response ("Resp.") [ECF No. 7]. Having reviewed the pleadings, Movant's criminal docket, and the applicable law, the Court finds that Movant has failed to demonstrate he is entitled to relief and **DENIES** the instant Motion.

## PROCEDURAL HISTORY

Movant was indicted on six counts: four counts of making a false statement during a firearm purchase, in violation of 18 U.S.C. § 922(a)(6) (Counts 1–4); one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 5); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 6). *See* Superseding Indictment, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. June 2, 2022), ECF No. 12 at 1–3. On September 8, 2022, Movant entered into a plea agreement where he agreed "to plead guilty to Counts 4, 5, and 6 of the [Superseding] Indictment" in exchange for the Government dismissing Counts 1, 2, and 3. *See* Plea Agreement, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Sept. 8, 2022), ECF No. 21 at 1.

As part of his plea agreement, Movant executed a factual proffer where he admitted to purchasing several firearms on behalf of another person—despite affirmatively alleging that he was "the actual transferee/buyer of the firearm" on an ATF 4473 form. Factual Proffer, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Sept. 8, 2022), ECF No. 22 at 2; *see also id.* at 3 ("[Law enforcement] conducted a probable cause search of the vehicle, which revealed a total of seventy-three firearms inside two suitcases. The serial numbers of many of the recovered firearms had been obliterated and were restored by the ATF laboratory in January of 2022. [Twelve] of the firearms recovered . . . were originally purchased by Johnson."). Movant also admitted that, when he was arrested on May 24, 2022, he was carrying 433.16 grams of marijuana in a "black Adidas backpack" as well as a Glock, model 19, 9mm caliber pistol. *See id.* at 3–4.

On December 1, 2022, the Court adjudicated Movant guilty of Counts 4, 5, and 6 of the Superseding Indictment and sentenced Movant to 72 months in the custody of the Bureau of Prisons followed by an additional three-year term of supervised release. *See* Judgment, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Dec. 2, 2022), ECF No. 32 at 1–3. Movant did not file a direct appeal. *See generally* Docket. Movant timely filed the instant Motion to Vacate on August 9, 2023.[1] *See* Mot. at 12; *see also* Resp. at 4 (conceding that the Motion is timely).

## STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is only entitled to relief under § 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside shall discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b). The § 2255 movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, the movant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88). "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009).

Regarding the deficiency prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). If "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial[,]" counsel did not perform

deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong, "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If a postconviction movant has pled guilty to the underlying offenses, the prejudice prong is modified so that the movant is instead required to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## **ANALYSIS**

Movant raises three grounds for relief in his Motion—all of which allege that his trial counsel was ineffective. *First*, Movant claims that counsel was ineffective when he failed "to file pretrial motions challenging the duplicitous nature of the indictment." Mot. at 4. *Second*, Movant asserts that counsel should have filed a motion to suppress because law enforcement "illegal[ly] search[ed] Movant's backpack, without a warrant[.]" *Id.* at 5. *Third*, Movant points to "judicial and legislative developments in the law on the elements for a conviction under 924(c)(1)(A)" and states that he would not have pled guilty if defense counsel had properly "advise[d] Movant on the elements of a 924(c) conviction." *Id.* at 7. The Government responds that all of Movant's claims fail on their merits. *See* Resp. at 5. It also argues, in the alternative, that Movant waived these "nonjurisdictional defects" by entering a "knowing and voluntary guilty plea." *Id.* at 7. The Court

agrees with the Government that all three of Movant's grounds for relief are meritless and will address each one in turn.[2]

### A. Ground One

In Ground One, Movant argues that defense counsel performed ineffectively when he "failed to file pretrial motions challenging the duplicitous nature of the indictment." Mot. at 4. Movant states that Counts 1 through 4 of the Superseding Indictment—which charged him with four counts of making a false statement during a firearm purchase—were improperly multiplicitous since "each [count] does not require proof of an additional fact which the others [do] not." Memo. at 8.[3] The Government responds that Counts 1 through 4 are neither duplicitous nor multiplicitous since each count charged Movant with making false statements on different days and with regard to different firearms. *See* Resp. at 6.

Counts 1 through 4 were appropriately charged in the Superseding Indictment. These counts alleged that Movant purchased firearms on four different dates and that, on each day, Movant falsely claimed that he "was the actual buyer and transferee of the firearm and was not acquiring the firearm on behalf of another person, when in truth and in fact, [Movant] . . . was not the actual buyer and transferee of the firearm and was acquiring the firearms on behalf of another

---

[2] Conversely, the Court finds that Movant did not waive his ineffective assistance of counsel claims by pleading guilty. Usually, "[a] defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of [his] conviction[.]" *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). But a defendant who pleads guilty <u>does not</u> waive his right to raise an ineffective assistance of counsel claim on collateral review if he shows that counsel's ineffectiveness affected "the voluntary and knowing nature of the plea." *Shell v. United States*, No. 22-10973, 2023 WL 3338631, at *1 (11th Cir. May 10, 2023) (quoting *Wilson*, 962 F.2d at 997). Since Movant alleges that he would not have entered a guilty plea if counsel had performed effectively, the Court cannot say that Movant waived his claims by pleading guilty. *See* Memo. at 8–9, 22–23.

[3] Movant's Motion indicates that he is only challenging the "duplicitous nature of the indictment." Mot. at 4. However, the Memorandum of Law mentions both duplicity and multiplicity—though the bulk of Movant's argument concerns multiplicity. *See* Memo. at 8. For the sake of completeness, the Court will assume that Movant is attacking the Superseding Indictment as both duplicitous and multiplicitous.

Page **5** of 15

person[.]" Superseding Indictment, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. June 2, 2022), ECF No. 12 at 1. An indictment is not multiplicitous unless "it charges a single offense in more than one count." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). "Since an attack on a multiplicitous indictment 'is subject to the same standard as a double jeopardy challenge,'" an indictment will not be defective so long as each count "requires proof of an additional fact which the other does not." *Wilkins v. United States*, No. 23-CV-80033, 2023 WL 4509735, at *19 (S.D. Fla. July 13, 2023) (first quoting *United States v. Woods*, 684 F.3d 1045, 1060 (11th Cir. 2012); and then quoting *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017)).

While it is true that Counts 1 through 4 have identical <u>legal elements</u>—they do, after all, charge Movant with the same offense under 18 U.S.C. § 922(a)(6)—each count charges Movant with making false statements <u>on different days</u> and while purchasing <u>different firearms</u>. *See* Superseding Indictment, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. June 2, 2022), ECF No. 12 at 2. That means that the Government had to prove "an additional fact"— that Movant made a false statement on each of the four days he purchased firearms—for each count. *See United States v. Solomon*, 726 F.2d 677, 679 (11th Cir. 1984) ("If the appellant had provided false information on separate ATF forms at the same time and place, separate prosecution would be permitted. Successive acts, no matter how close in time, constitute separate offenses"); *see also Woods*, 684 F.3d at 1060 ("Accordingly, charges in an indictment are not multiplicitous if the charges differ <u>by even a single element or alleged fact</u>." (emphasis added)). Since Counts 1 through 4 required the Government to separately prove that Movant made a false statement on different days, the Superseding Indictment is not multiplicitous.

Similarly, none of the counts in the Superseding Indictment are duplicitous. "A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." *United*

Page **6** of **15**

*States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (quoting *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)). Movant does not explain exactly why he believes that Counts 1 through 4 are duplicitous, which is reason enough to summarily deny this claim. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The [Rules Governing § 2255 Proceedings] mandate 'fact pleading as opposed to 'notice pleading[.]'"). But, in any event, Counts 1 through 4 are not duplicitous since they each charge Movant with only one discrete offense: making a false statement on ATF Form 4473 on a certain day. The fact that Movant purchased multiple firearms each day is irrelevant since the Government only alleges that Movant fraudulently completed ATF Form 4473 once during each transaction. *See* Factual Proffer, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Sept. 8, 2022), ECF No. 22 at 1–2; *cf. Solomon*, 726 F.3d at 679 (explaining that false statements that are "separately made on two ATF forms in the acquisition of two weapons bought at one time" are separate offenses (emphasis added)).

In sum, the Superseding Indictment was not multiplicitous and none of Counts 1 through 4 were duplicitous. Thus, for the foregoing reasons, the Court **DENIES** Ground One.

### B. Ground Two

Movant's second ground for relief is that defense counsel was ineffective for failing to file a motion to suppress the evidence acquired after law enforcement searched his backpack without a warrant. *See* Mot. at 5. Although Movant acknowledges that law enforcement had a warrant for his arrest, he insists that the warrantless search of his backpack "was not justified as a search incident to arrest and should have been suppressed under the 'inevitable discovery doctrine.'" Memo. at 10. The Government responds that Movant's backpack was properly searched under the "inventory search doctrine," a fact Movant conceded to in his factual proffer. *See* Resp. at 8 ("Movant has specifically conceded any search was done to inventory his property.").

When a defendant claims that his counsel was ineffective for failing to file a motion to suppress, he "must prove (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).  An attorney cannot be ineffective for failing to file a meritless motion to suppress.  *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief.").

The Court finds that a motion to suppress in this case would have undoubtedly been a "futile act" since a warrantless search of Movant's backpack was proper under the "inventory search doctrine."  "Inventory searches of an arrestee's personal property are a 'well-defined exception' to the Fourth Amendment's warrant requirement.  When police take custody of a bag, suitcase, box, or any similar container, they may open it in order to itemize its contents pursuant to standard inventory procedures." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010) (internal citation omitted); *see also Illinois v. Lafayette*, 462 U.S. 640, 648 (1983) ("Applying these principles, we hold that it is not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures.").  Movant admitted in his factual proffer that law enforcement found the marijuana in his backpack during a standard inventory search, *see* Factual Proffer, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Sept. 8, 2022), ECF No. 22 at 3, so the contents of the backpack were clearly been admissible under that doctrine, *see Laffayette*, 462 U.S. at 647 (affirming warrantless inventory search of a shoulder bag that defendant was carrying at the time of his arrest); *United States v. Forget*, 853 F. App'x 534, 540

(11th Cir. 2021) (holding that law enforcement could impound and search defendant's backpack since "[p]olice officers have 'both the right and the duty' to take into custody and inventory a suspect's property that would otherwise be left unattended" (quoting *United States v. Staller*, 616 F.2d 1284, 1290 (5th Cir. 1980)).

As far as the Court can tell, Movant raises two additional arguments in his Memorandum—neither of which have merit. *First*, Movant says that the contents of his backpack "should have been suppressed under the 'inevitable discovery doctrine.'" Memo. at 10. But this doctrine is harmful to Movant's own argument. The inevitable discovery doctrine allows <u>the Government</u> to introduce <u>otherwise illegally obtained evidence</u> if it "can show by a preponderance of the evidence that it would have discovered the evidence by some other lawful means." *McKathan v. United States*, 969 F.3d 1213, 1232 (11th Cir. 2020) (citing *Utah v. Strieff*, 579 U.S. 232, 238 (2016)). If the inevitable discovery doctrine applied in this case, the Government would have been allowed to introduce the contents of Movant's backpack even if law enforcement had illegally searched it. *Second*, Movant implies that law enforcement had no reason to search his backpack because he "possessed a valid conceal and carry permit for [his] firearm." Memo. at 13. This is irrelevant. The rationale for an inventory search is "to ensure that [the property] is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage." *Whren v. United States*, 517 U.S. 806, 811 n.1 (1996). Movant's backpack could have (and would have) been searched, even if law enforcement knew that Movant had a concealed carry permit and was legally permitted to own and possess a firearm.

For these reasons, the Court **DENIES** Ground Two.

### C.  *Ground Three*

Ground Three of the Motion broadly alleges that counsel "[f]ailed to advise Movant on the elements of a 924(c) conviction." Mot. at 7. After reviewing Movant's Memorandum, the Court

Page **9** of **15**

concludes Ground Three is really just a hodgepodge of subclaims concerning "judicial and legislative developments in the law" that Movant believes counsel should have relayed to him before he pled guilty to the § 924(c) offense. Memo. at 15. As best the Court can tell, Movant makes the following arguments in Ground Three: (1) counsel did not explain the elements of a § 924(c) offense to Movant, Mot. at 7; (2) counsel should have informed Movant that he could not be convicted under § 924(c) because he had only committed "simple possession" of marijuana, *id.* at 15–17; (3) counsel should have argued that Movant's possession of a firearm could not have been "in furtherance" of a drug trafficking crime because Movant had a valid conceal and carry permit and there was no evidence that Movant "intended to use the firearm to promote or facilitate the drug crime," *id.* at 24–25; and (4) counsel did not tell Movant that the Second Amendment does not allow the Government to criminalize "[t]he mere presence of a firearm in an area where a criminal act occurs," *id.* at 32–33.[4] None of these arguments have merit.

*First*, Movant says that defense counsel never explained the elements of a § 924(c) offense to him. This claim is easily refuted by the record. During Movant's change of plea hearing, the Government read the elements of § 924(c) out loud and defense counsel averred that he had "familiarize[d]" Movant with all of "the charges against him, . . . and their elements." Change of Plea Tr., *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Aug. 31, 2023), ECF No. 36 at 10. The Court finds that Movant was clearly provided notice of the elements of § 924(c) by both the Government and his defense attorney before he entered his guilty plea.

---

[4] The Court agrees with the Government that, insofar as Movant alleges that his § 924(c) conviction is somehow infirm, that claim is procedurally defaulted because Movant did not raise the issue on direct appeal. *See Seabrooks v. United States*, 32 F.4th 1375, 1384 (11th Cir. 2022) ("If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless the procedural default is excused."). While a procedural default can be excused, it is the Movant's burden to show either "cause and prejudice" for the failure to raise the issue on direct appeal or that he is "actually innocent" of the crime. *See id.* Movant does not even attempt to meet his burden, so the Court finds that these limited exceptions do not apply.

*Second*, Movant did not merely commit "simple possession," so counsel was not ineffective for failing to make this meritless argument. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Movant states in his Memorandum that he only possessed "43 grams of marijuana, that he had purchased for personal use." Memo. at 16. This is false. Movant's own factual proffer confirms that Movant possessed over ten times that amount—433.16 grams—and that the marijuana was "packaged primarily in small plastic baggies commonly associated with the sale of narcotics." Factual Proffer, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Sept. 8, 2022), ECF No. 22 at 3. Movant was also carrying approximately $750.00 in cash and a firearm at the time of his arrest. *See id.* at 4. All of this is ample evidence that Movant intended to distribute the marijuana he possessed, and it was not for his own personal use. *See United States v. Marszalkowski*, 669 F.2d 655, 662 (11th Cir. 1982) (holding that intent to distribute can be inferred from multiple facts, such as the quantity of the controlled substance, the presence of cash and/or a firearm, and paraphernalia); *see also, e.g.*, *United States v. Hodges*, 616 F. App'x 961, 968 (11th Cir. 2015) ("[A] reasonable jury could have inferred intent to distribute from the items found in the bedroom and in Hodges' car, which included marijuana; a grinder; a digital scale; vacuum sealed bags, mason jars, and Ziploc bags containing suspected marijuana residue; and small plastic bags commonly used to distribute marijuana."); *United States v. Husband*, 389 F. App'x 238, 241 (4th Cir. 2010) ("The fact that that officers recovered thirty-five pre-packaged and individually wrapped bags of marijuana from inside and around Husband's person more than supports the conclusion that Husband possessed the drugs with the intent to distribute them.").[5]

---

[5] Movant implies that his conduct amounted to misdemeanor simple possession (and not felony possession with intent to distribute) because he is only serving a six month sentence for that crime. *See* Memo. at 19–20. This argument is frivolous since: (1) Movant is serving a twelve-month sentence on Count 5, not six, *see* Judgment, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Dec. 2, 2022), ECF No. 32 at 2; and (2) a felony is still a felony even if the Court sentences a defendant to under a year in prison, *see Burgess v. United States*, 553 U.S. 124, 130 (2008) ("[T]he term 'felony' is commonly defined to mean a crime punishable by imprisonment for more than one year."); *see also* 21 U.S.C. § 841(b)(1)(D) (setting maximum

Movant's conduct amounted to much more than "simple possession," so counsel was not required to advance a hopeless argument to the contrary.

*Third*, counsel could not reasonably argue that Movant did not possess his firearm "in furtherance" of the drug trafficking crime. The "in furtherance" prong of § 924(c) requires "the prosecution [to] establish that the firearm helped, furthered, promoted, or advanced drug trafficking." *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). Although the Government does not need "to show an active employment of the firearm by the defendant," the mere "presence of a gun within the defendant's domination and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction." *Id.* at 1252–53. Here, Movant claims that he was legally carrying a firearm pursuant to a concealed carry permit and that counsel should have told him that the Government had to prove "that the defendant intended to use the firearm to promote or facilitate the drug crime." Memo. at 24–25. Movant's argument ignores the overwhelming circumstantial evidence that he was engaged in drug trafficking, as well as binding Eleventh Circuit precedent holding that "[t]he nexus between the gun and the drug operation can be established" by showing that the weapon is easily accessible and located in "close proximity to the drugs or drug profits[.]" *Timmons*, 283 F.3d at 1253; *see also United States v. Miranda*, 425 F.3d 953, 962 (11th Cir. 2005) ("A reasonable jury could also infer that the purpose of firearms, lying in plain view on a mattress next to substantial quantities of drugs, was to provide defense or deterrence in furtherance of the drug trafficking for which defendant was arrested." (internal quotation marks omitted)). This analysis does not change even if Movant had a legal right to carry the gun by virtue of his concealed carry license. *See United States v. Woodard*, 531

---

penalty of possessing fifty kilograms of marijuana or less with intent to distribute at five years). Similarly, Movant's reliance on authority such as 21 U.S.C. § 841(b)(4) and *Moncrieffe v. Holder*, 569 U.S. 184 (2013) is similarly unpersuasive since Movant did not possess a "small amount of marijuana" for "no remuneration." *Cf. Moncrieffe*, 569 U.S. at 188 (describing "1.3 grams of marijuana" as a "small amount"); *United States v. Hodge*, 313 F. Supp. 2d 1283, 1290 (M.D. Ala. 2004) (same, but for 4.43 grams).

F.3d 1352, 1362 (11th Cir. 2008) (rejecting defendant's argument "that he did not use this firearm in furtherance of a drug trafficking crime because he had a license . . . and a plausible reason to be carrying it—the neighborhood around the residence was dangerous" because the gun was possessed concurrently with a trafficking amount of marijuana). Again, since there was ample evidence that Movant possessed a firearm "in furtherance" of a drug trafficking crime, counsel could not have been ineffective for failing to argue otherwise. *See Freeman*, 536 F.3d at 1233.

*Fourth*, counsel was not ineffective when he failed to discuss the Second Amendment's scope with Movant because the Second Amendment does not protect Movant's conduct. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. In construing Movant's Second Amendment claim liberally, the Court finds that Movant is alleging that the Second Amendment allows him to possess a "legal firearm for self-defense" and that the presence of drugs near him does not encumber this right because he was not being dangerous or violent. *See* Memo. at 32–34. This argument misapprehends the scope of the Second Amendment. As this Court recently explained, "there is a history and tradition of keeping guns away from those engaged in criminal conduct[,]" so "the Second Amendment doesn't protect a person's right to possess a firearm in furtherance of a felony offense (like drug trafficking)." *Orrego Goez v. United States*, No. 22-CV-23962, 2023 WL 2045970, at *3 (S.D. Fla. Feb. 16, 2023) (quoting *Fried v. Garland*, 640 F. Supp. 3d 1252, 1259 (N.D. Fla. 2022)). Movant is also wrong to suggest that "his possession of a firearm was not inherently violent or dangerous" because "[g]uns and drugs 'are a dangerous combination'" that increase the potential for violence that is already likely during the course of a drug transaction. *Id.* at *4 (quoting *Smith*

*v. United States*, 508 U.S. 223, 240 (1993)).  In short, even if Movant had a valid concealed carry permit, his <u>legal right</u> to possess a firearm was extinguished the moment Movant chose to carry his firearm to facilitate an illegal act.  *See id.* (citing post-*Bruen* cases which upheld the constitutionality of § 924(c) as applied to defendants accused of drug trafficking offenses).

The evidence in this case showed the Movant possessed hundreds of grams of marijuana for distribution purposes and that he carried a firearm while doing so.  *See* Factual Proffer, *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Sept. 8, 2022), ECF No. 22 at 3–4.  Counsel could not have reasonably argued that Movant merely "possessed" the marijuana, that the gun had no connection to the drug trafficking offense, or that Movant's conduct was protected under the Second Amendment, so counsel's purported failure to mention these meritless defenses to Movant had no effect on Movant's voluntary and knowing decision to plead guilty.  *See Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015).  Accordingly, since there were no "judicial [or] legislative developments in the law" that should have been brought to Movant's attention before he pled guilty, Mot. at 7, the Court **DENIES** Ground Three.[6]

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter.  *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.") (cleaned up).

---

[6]  The Government alleges that "Movant also complains that he was advised to plead guilty before the defense received a copy of the police report or other relevant evidence."  Resp. at 11.  If Movant is trying to advance this claim, it is not apparent to the Court from the face of his Motion or Memorandum.  However, for the sake of completeness, the Court agrees with the Government that such a claim would be meritless since defense counsel stated that he received discovery from the Government and discussed its contents with Movant before he pled guilty.  *See* Change of Plea Tr., *United States v. Johnson*, No. 22-CR-60097 (S.D. Fla. Aug. 31, 2023), ECF No. 36 at 11.

## CERTIFICATE OF APPEALABILITY

A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a postconviction movant must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a claim is "rejected . . . on the merits," a COA should only be granted if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)(2)). If, on the other hand, a claim is dismissed "on procedural grounds," a COA should issue only if: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not find the Court's assessment of Movant's claims to be debatable or wrong. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Motion to Vacate, [ECF No. 1], is **DENIED**. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on this 3rd day of October, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**